# Trammell *v.* Lee County.

*Action by County, against Hirer of County Convicts.*

1. *When action lies.*—An action lies in the name of the county, against the hirer of county convicts, to recover the compensation agreed to be paid, although the written contract is wanting in precision and conformity to statutory requirements, and although the hirer failed to give bond as required by the terms of the contract; and a recovery may be had either under a common count for work and labor, or a special count setting out the facts.

2. *Record of county convicts as evidence.*—The record of county convicts required by law to be kept by the probate judge (Code, § 4590), is admissible as evidence against the hirer of the convicts, so far as the entries therein were made by the probate judge, although the custody of the book was transferred to the county treasurer, and subsequent entries were made by him.

3. *Loss of service by death or escapes.*—If the contract contains only an express exception on account of loss of service by death of any convicts, the hirer can not claim an additional deduction on account of loss of service by escapes.

APPEAL from the Circuit Court of Lee.

Tried before the Hon. JESSE M. CARMICHAEL.

This action was brought in the name of Lee county against Robert J. Trammell, and was commenced on the 1st October, 1888. The original complaint contained a single count, as follows: "Plaintiff claims of defendant $702.62, due as follows, to-wit: $209.69, Jan. 1st, 1887; $232.81, April 1st, 1887; $78, July 1st, 1887; $108, Jan. 1st, 1888, and $74 due Octo. 1st, 1887, for the hire of convicts sentenced to hard labor for said county, by a contract signed by defendant Nov. 2d, 1885, and also by Thos. L. Frazer representing plaintiff, wherein defendant agreed, among other things, to hire said convicts that might be sentenced to hard labor during the succeeding twelve months; and for the hire of one class of said convicts defendant agreed to pay $8.00 per month, and for the other class $10.00 per month. And plaintiff avers that, under said contract, defendant received divers of said convicts as they were sentenced, and there is still due and unpaid, as balance on said hire, said sum of $702.62, with interest thereon."

The court sustained a demurrer to this count, and the plaintiff then amended by adding a second count, as follows: (2.) "Plaintiff claims of defendant $702.62 as damages for the breach of a contract in words and figures as set out in Exhibit A hereto attached." "And plaintiff avers that during the years

[Trammell v. Lee County.]

1887 and 1888 plaintiff delivered to defendant, in pursuance of said contract, [convicts] as shown by statements hereto attached, marked Exhibits B, C, and D. And plaintiff avers that the convicts named in said exhibits were delivered to and worked by defendant, and that said convicts were sentenced to hard labor for the county of Lee by the County and Circuit Courts respectively of said county. Plaintiff avers that Thos. L. Frazer was authorized by the Commissioners Court of sai l county to make said contract with said defendant, by order of said court. And plaintiff avers that defendant failed to pay said hire, as shown in said Exhibits B, C, and D; wherefore plaintiff sues."

"Exhibit A," as set out in this count, is signed by the defendant and by Thos. L. Frazer, with the seal of each affixed, and the words "judge of probate, and *ex off.* clerk of Commissioners Court of Lee county, annexed to Frazer's name; and is in these words: "This writing of agreement made and entered into this 2d day of Nov., 1885, between R. J. Trammell of the one part,- and the Commissioners Court of Lee county, in behalf of said county, of the other part, *witnesseth,* that said Trammell has this day contracted to hire from Lee County all the boys and women who may be consigned or sentenced to hard labor for the county during the next twelve months, at the price of $8.00 per month, and in like manner take all full grown men who may be consigned to hard labor for terms of six months and less; and for all men as the court in its discretion may consign to him for terms of more than six months duration, said Trammell agrees to pay the sum of $10.00 per month. The delivery and receiving of said convicts to take place immediately after conviction and sentence, and the time of hire to be computed therefrom. Said Trammell agrees to pay the respective sums per month as above stated, for the convicts for the full term of the sentence, except on the death of the convict. The court costs and fees to be paid in cash before the convict is removed by said Trammell, which payment shall be deducted from the latter portion of the term for which the convict is hired; the balance to be paid quarterly, on 1st January, 1st April, 1st July, and 1st October, of each year; it being agreed that in no case shall the county be required to return any payment made for any convict, or any part thereof. Said Trammell further agrees to make monthly reports to the probate judge of Lee county, of the whereabouts and condition of all convicts. Said Trammell is to give bond, with good and sufficient security, to be approved by the judge of probate, for the payment of the hire, and for the faithful compliance with all the conditions of this

[Trammell v. Lee County.]

agreement and the requirements of the laws controlling and regulating the hiring of convicts, and any other conditions required by the Commissioners Court, not inconsistent with the purposes of this contract. The said Commissioners Court shall be, and are hereby, authorized to terminate this contract at will, in case of any violation or failure to comply with any of the conditions of the same; said court being the sole judge thereof. In witness whereof," &c.

The defendant moved to strike out this count, on the ground that it was a departure from the original complaint; and his motion being overruled, he demurred to the count, assigning twelve separate causes or grounds of demurrer, each of which was overruled by the court; and he then filed three pleas. The second plea was performance, and the first was a general denial of "all the allegations of the complaint except that he signed the contract;" and issue was joined on these two pleas. A demurrer was sustained to the third plea, which was in these words: "Defendant says that divers of said convicts escaped from his custody, without fault or negligence on his part, or on the part of the persons having the custody of them; that he had paid all the costs and hire of said convicts which had accrued up to the time of such escape, and that as to all other convicts, excepting those escaped as aforesaid, he performed his said agreement with plaintiff."

On the trial, when the plaintiff offered in evidence the contract sued on, the defendant objected to its admission as evidence, on these grounds: (1) "that said contract was not authorized by law;" (2) "that it was not executed by the commissioners, or by any one in their name, or in the name of the Commissioners Court;" (3) that it was void, "because not authorized by any order of said court;" (4) "that it was illegal, because it failed to express the kind of labor the convicts were to perform, and the place at which said labor was to be performed." The court admitted the contract as evidence, and the defendant excepted. The plaintiff offered in evidence, also, the record of the Commissioners Court at its November term, 1885, under which the contract was made with Trammell, in these words: "Bids for the hire of convicts for Lee county being under consideration, and it appearing to the court that R. J. Trammell has submitted the best and highest bid for convicts, to-wit, $8.00 per month for boys and women and short-term men, and $10.00 per month for men whose term of service shall be six months and upwards, for all convicts which may be assigned to said Trammell at the discretion of the court; the court reserving the right to assign convicts of higher degree of crime, involving moral turpitude,

to other contractors.　It is further ordered that the judge of probate draw up a written contract in pursuance with the above terms, and execute the same with said Trammell, for and in behalf of this court."　The plaintiff offered in evidence, also, another order made by the Commissioners Court at its February term, 1886, relative to the kinds of work in which county convicts should be employed by the contractors; and the court admitted it in evidence, against the objection and exception of the defendant.

The plaintiff offered in evidence, also, the record book of county convicts required by section 4590 of the Code to be kept by the judge of probate, or in his office, and offered in evidence the entries therein made by Judge Thos. L. Frazer up to October 1st, 1886.　The defendant objected to the admission of this book as evidence, or of any entries therein, because the Commissioners Court had made an order on the 1st November, 1886, transferring the keeping of this book to the county treasurer, and requiring him to make the proper entries therein.　"Said book had remained in the custody of said treasurer down to the time of the trial, and was produced in court by him, but had been kept by him all the while in the office of the probate judge.　The court admitted said book in evidence, as to the entries made therein by said probate judge, and permitted him to point out to the jury the entries so made by him;" and this was done against the objection and exception of the defendant."　"There was no evidence, other than said book, that the persons to recover ʻwhose hire this suit was brought were ever convicted by any court, or were ever sentenced; and the orders of said Commissioners Court above set forth were the only proceedings of said court offered in evidence.　No evidence was offered that defendant had ever executed bond and security for the hire of said convicts, or that he made any other contract than the one sued on."　The defendant offered to prove by Judge Frazer that, "of the convicts whose names were entered in said exhibit, and whose hire is sued for in this action, some had escaped before the expiration of the terms for which they were sentenced;" and he excepted to the exclusion of this evidence.

The court charged the jury, "that said convict book, so far as the entries therein were made by the probate judge during his incumbency, was competent evidence to show when said convicts were convicted, the term of their respective sentences, and the rate per month at which each was hired, and was competent evidence of all facts therein shown by said entries as required by section 4590 of the Code."　The defendant excepted to this charge, and also to the refusal of the general charge on the evidence, which was asked by him in writing.

The assignments of error, twenty-one in number, embrace all the rulings of the court on the pleadings and evidence which were adverse to the defendant, the charge given, and the refusal of the charge asked.

Jno. M. Chilton, for appellant.

Wm. J. Samford, contra.

STONE, C. J.—There was great want of precision, and of conformity to statutory requirements, in the contract of letting which gave rise to this suit. Still, it appears that Trammell had the benefit of the labor of the county convicts, and it is the opinion of the court that he should pay for that labor according to the terms of his contract. True, Trammell was not required to give personal security, as he should have been ; but the court holds that all the duties which were omitted, were provisions intended for the benefit and security of the county and the welfare of the convicts, and that Trammell can not be heard to complain of their omission. It did not injure him. There were no sureties in this case, and we need not decide what would be their *status*, if any had been taken. Trammell alone is sued, and the claim is simply one for work and labor done.

The contract was an executed one on the part of Lee County, and presented a clear case for suit and recovery on a common count. The second, or special count, however, sets out all necessary averments, and authorized a recovery to the same extent as a common count for work and labor done would have justified.

The Circuit Court did not err in permitting the record of county convicts, made and kept by the judge of probate, to be received in evidence to the extent it was allowed to go to the jury.—Code of 1886, § 4590 ; 1 Whar. Ev. § 639.

By the terms of the contract of hiring, Trammell bound himself to pay for the full term of the sentences, less the service lost to him by the death of the convict. There was no provision made for discount or abatement in case of escapes. He took the risk of these. The court did not err in excluding testimony offered that some of the convicts had escaped.

Affirmed.